**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **BERNIE RUIZ GARCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-08-72** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Bernie Ruiz Garcia ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1.  Having considered the motion, record and relevant law, the Court finds that Petitioner's habeas petition should be DISMISSED as time-barred.

Petitioner has also filed a Motion for Judgment by Default (Dkt. No. 13) and a Motion for Appointment of Counsel (Dkt. No. 15).  Both of these motions are DENIED.

### Background

Petitioner was convicted of sexual assault of a minor on September 28, 1993. Dkt. No. 1 at 2.  The trial court sentenced Petitioner to fifteen years in prison.  *Id.*  Petitioner never filed a direct appeal.  *Id.* at 3.  On August 22, 1996, Petitioner filed a state habeas petition, which was denied without written order on December 18, 1996. Dkt. No. 12, Case No. WR-32, 230-01 at 1, 5.  Petitioner filed a second petition on March 5, 1997, which was dismissed on August 13, 1997. Dkt. No. 12, Case No. WR-32, 230-04 at 1, 5.  Finally, Petitioner filed a third petition on April 4, 2008.

Dkt. No. 12, Case No. WR-32, 230-08 at 5.  This petition was denied on July 16, 2008. *Id.* at 1.

Petitioner indicates that he placed the instant petition in the prison mail on September 8, 2008.  Dkt.

No. 1 at 9.

### Claims

Petitioner raises three claims:

1. His probation was revoked in error because he was not eligible for probation;

2. His sentence was void and unauthorized by law; and

3. His sentence was disproportionately long.

### Statute of Limitations

The limitations period on applications for habeas corpus relief is as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

### Analysis

The Court must first determine when the judgment against Petitioner became final. Petitioner had thirty days from the date his sentence was imposed to file an appeal. TEX. R. APP. P. 26.2(a)(1). Since Petitioner was sentenced on September 28, 1993, he had until October 28, 1993 to file his appeal. However, this date is before the effective date of the AEDPA. Thus, Petitioner's one-year period did not begin running until AEDPA became effective. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) ("[P]etitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, within which to file for . . . relief."); *see also Flanagan v. Johnson*, 154 F.3d 196, 200 n.2 (5th Cir. 1998) ("Although *Flores* dealt with the analogous statutory period of limitation governing motions for habeas corpus relief from federal conviction under 28 U.S.C. § 2255, the Court's decision was not limited to § 2255 motions. Rather, the Court noted that the limitation provisions for § 2255 motions and § 2254 petitions are virtually identical." (citation omitted)). Petitioner, then, had until April 24, 1997, one year from AEDPA's effective date of April 24, 1996, to file his federal habeas petition.

Petitioner's first state habeas petition was filed before April 24, 1997, so the limitations period was tolled while that petition was being considered. 28 U.S.C. § 2244(d)(2). Petitioner used 120 days of his one year between April 24, 1996 and August 22, 1996, the date he filed his first state petition. From December 18, 1996, the date the first petition was dismissed, to March 5, 1997, the day Petitioner filed his second petition, accounted for another 77 days, for a total of 197 days. Thus, Petitioner had another 168 days from the date the second petition was dismissed to file his federal petition. His deadline, then, counting from August 13, 1997, was January 28, 1998. Petitioner did

not file the present petition before that date, nor did any other event toll the limitations period. Thus, Petitioner's petition is time-barred.

## Other Motions

Petitioner has also filed a Motion for Judgment by Default. Respondent has defended this action, and furthermore, Petitioner has not demonstrated any right to relief. Petitioner's Motion for Judgment by Default is DENIED.

Finally, Petitioner filed a Motion for Appointment of Counsel. This motion is DENIED because there is no right to counsel in petitions for habeas relief under 28 U.S.C. § 2254 in non-capital cases. *McFarland v. Scott*, 512 U.S. 849, 857 n.3 (1994); *Callins v. Johnson*, 89 F.3d 210, 212 (5th Cir.1996).

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED. The Court DENIES Petitioner a Certificate of Appealability. Further, Petitioner's Motions for default judgment and

appointment are DENIED.

It is so ORDERED.

SIGNED this 9th day of January, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE